*845 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
LThe Office of Disciplinary Counsel (“ODC”) commenced an investigation into allegations of professional misconduct by respondent, including reports that he engaged in the unauthorized practice of law following his 2005 suspension in In re: Brown, 04-1119 (La.1/14/05), 892 So.2d 1. After formal charges were filed, respondent and the ODC submitted a joint petition for consent discipline. The parties stipulate to respondent’s misconduct, and seek his permanent disbarment from the practice of law.
Based on our review of the petition, we agree that permanent disbarment is the appropriate sanction. Respondent has consciously flouted the authority of this court by practicing law after being prohibited from doing so. Guideline 8 of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E is clearly applicable, which provides that permanent disbarment may be warranted when, following notice, an attorney “en-gag[es] in the unauthorized practice of law ... during the period of time in which the lawyer is suspended from the practice of law or disbarred.” Accordingly, having reviewed the petition,
IT IS ORDERED that the Petition for Consent Discipline be accepted. The name of Cuthbert Justin Brown, Jr., Louisiana Bar Roll number 18816, shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is | gfurther ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state.
IT IS FURTHER ORDERED that all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.